Gimmore, J.
The judgments of the several courts below must be reversed.
The testimony introduced before the mayor by the plaintiff, on the trial, at least tended to prove that he was entitled to recover on the account sued upon. If the defendant had no testimony to offer, the plaintiff had made a case-upon which he was clearly entitled to have had a final judgment rendered for or against him on the merits of his case-. Erom such a judgment he could have appealed, under section 111 of the justice’s act (S. & 0. 788), which reads as-follows : “ In all cases not otherwise specially provided for by law, either party may appeal from the final judgment off *465 any justice of the peace to the court of common pleas of' the county where the judgment was rendered.”
It is only final judgments that can be appealed from under this section. In this respect it is different from the act of 1824, which provided for appeals from any judgment of a justice of the peace, including a judgment of non-suit. Brachenridge v. Husted, Wright, 70.
Section 104 of the justice’s act (S. &. C. 787) provides for the cases otherwise specially provided for, and in which actions can be dismissed without prejudice. They are as follows: 1. Where the plaintiff voluntarily dismisses the action before it is finally submitted. 2. When he fails to appear at the time specified in the summons, or upon adjournment, or within one hour thereafter. 3. When it is-objected at the trial, and appears by the evidence that the-action is brought in the wrong township.
No appeal lies from a judgment of dismissal without prejudice on either of these grounds. Eaton v. French, 23 Ohio St. 561. Neither would an appeal lie from a judgment of dismissal without prejudice, on any other grounds, because (1) such a judgment would be unauthorized, and (2)-it would not be a final judgment within the meaning of section 111, above quoted. The provisions of sections 104 and 111 are also applicable to actions brought before mayors.
The judgment of dismissal, on either of the grounds-stated in the motion, was unauthorized, and, therefore, erroneous; and inasmuch as it deprived the plaintiff of a right of appeal under section 111, the judgment was prejudicial to his rights.
The judgments of the district court, court of common pleas, and mayor’s court, respectively, are reversed, and the-cause remanded to the court of common pleas for such further proceedings as may be authorized by law.

Judgment accordingly.